### BRUNDRED *vs.* WALKER and others.

Where a deed of conveyance contains full covenants as to title and against encumbrances, and a mortgage on the premises exists at the time, under which a foreclosure and sale takes place, and the grantor becomes the purchaser, the title thus acquired will enure to the benefit of the grantee.

If the owner of the premises is not a party to the proceedings of foreclosure the equity of redemption is not affected by the decree.

Where a grantor covenants against encumbrances, and subsequently pays off a mortgage existing at the time of conveyance, equity will hold that the payment was for the benefit of the grantee.

*D. Barcalow,* for complainant.

*S. Tuttle,* for defendants.

THE CHANCELLOR. The bill alleges that, on the 17th day of January, 1838, the defendants, Samuel Walker and his wife, by their deed of warranty, with full covenants as to title and against encumbrances, conveyed the land in the bill particularly described to one William Brundred, for the consideration of fourteen hundred and

ninety-six dollars, mentioned in the said deed, which deed was delivered to said Brundred, and on the 24th of November, 1840, placed upon the records of the county; that, on the 8th day of August, 1840, William Brundred, by his deed of that date, and having possession of the said land under his deed from Walker and wife, conveyed the said land, for the consideration of $1000, to the complainant, which deed was recorded on the eighth day of September following the date thereof; that the complainant, immediately upon the delivery of the deed to her, went into the possession of the land, and has been in the undisturbed possession ever since until the grievances complained of, shortly before filing the bill; that at the time of the conveyance to Brundred by Walker there was a mortgage of $450 on the land, given by the defendant and his wife to Aaron S. Pennington; that after the conveyance to the complainant, a bill was filed in this court on the mortgage, to which suit there were no other parties but the defendant and his wife, and upon a decree and sale of the mortgaged premises one Harman Olds became the purchaser, and received a sheriff's deed for the same, dated the 24th of February, 1844; that on the 1st of May, 1845, the said Olds conveyed the said premises to the said William Walker; that by virtue of this last named deed the defendant sets up and claims title to the land; that he has entered upon part of the same, and is cutting the wood, &c.

The defendant, by his answer, admits the execution of the conveyances set out in the bill, but as a defence to the complainant's equity, alleges that the deed from himself to Brundred was never delivered, and that the consideration was not paid; that with the consideration money he expected to pay off the mortgage under the foreclosure of which he now holds the land.

The attempt to prove the defence entirely fails. In answer to, and explanation of the very few facts upon which the defendant relies, we have the following facts beyond

all dispute—that a part of the consideration money was paid; that possession has been held under the complainant's title for nearly twenty years; that although the defendant purchased under the foreclosure proceedings more than ten years ago, he has not until lately set up any pretence of any title to, or interest in the land; that he has made no demand of the purchase money during the time he has been out of possession, or complained of any wrong done to him by withholding the purchase money. He makes no explanation of these circumstances in his answer, so inconsistent with his pretence.

The complainant is entitled to relief. In equity he is entitled to the benefit of the title which the defendant acquired by his deed from Olds. *Decker* v. *Cashey and others, Saxton* 449, and cases there cited.

Upon another principle, besides that sustained by these authorities, the complainant is entitled to relief. He was not made a party to the proceedings of foreclosure. He has therefore a right to redeem. If the purchase money which the defendant paid went to pay off an encumbrance which he was bound to pay, the payment will be decreed to be for the benefit of the complainant.

Let the complainant have his decree.