JOHN L. STEWART et al.

*v.*

FAIRCHILD-BALDWIN COMPANY et al.

[Decided March 4th, 1919.]

1. In an ordinary case, a receiver appointed of mortgaged premises may not collect rents accrued but unpaid at the time of his appointment, his power being limited to rents accruing after his appointment.

2. The mortgagor, and those holding under him, although they may not have assumed the payment of the mortgage debt, are bound to pay taxes and other municipal liens and interest on prior encumbrances, as against a mortgagee.

3. Where the grantor holding under a conveyance made subject to a mortgage, though it contains no assumption thereof, has permitted taxes and municipal liens to accrue and remain unpaid as well as interest upon prior encumbrances, a receiver appointed at the instance of a second mortgagee will be directed to collect the rents accrued prior to his appointment but unpaid, so far as necessary to pay all municipal taxes and liens and interest on prior encumbrances.

On bill, &c.

On application for instruction to receiver.

*Messrs. McCarter & English,* for the complainants.

*Messrs. Pitney, Hardin & Skinner,* for Chester Realty Company, petitioner for receiver.

*Mr. Samuel F. Leber,* for the American Real Estate Company, owner of the fee.

LANE, V. C.

The question for determination is whether a receiver appointed in a foreclosure case is entitled to the rents accrued, but unpaid,

at the time of his appointment. The mortgagee rests his position upon the text in *Beach Rec. (Alderson's ed.) 194; High Rec. (4th ed.)* §§ *643, 644, p. 796; 3 Jones Mort. (7th ed.)* § *1536* and the cases cited to support the text.

I will first consider the cases cited to support the text. *First National Bank* v. *Illinois Steel Co. (Sup. Ct. of Ill.), 51 N. E. Rep. 200,* is not at all in point. *Conover* v. *Grover, 31 N. J. Eq. 539,* as will hereafter be pointed out, is an authority contrary to the statement of the text. In *Gaynor* v. *Blewett (Supreme Court of Wisconsin), 52 N. W. Rep. 313,* the court in a case in which, after an action to foreclose had been instituted and a *lis pendens* filed, the mortgagor made a lease to a tenant for a term of years and received rent in advance, held that the receiver was entitled to recover from the tenant for the use of the premises after the date of the appointment. The court, Pinney, Judge, *obiter,* says: "The appointment of a receiver is equivalent to a sequestration of the rents and profits accruing after the date of the order, and as to all which have previously accrued, and which remain unpaid," citing, among others, New York cases which will be hereafter noted. The cases of *Ortengren* v. *Rice, 104 Ill. App. 428,* and *Stephen* v. *Reibling, 45 Ill. App. 40,* are not in point. In the latter case the court said: "The rents are for no period of time anterior to his appointment as receiver." The rule in New York referred to by the Wisconsin court in *Gaynor* v. *Blewett* seems to be in some confusion. The assistant vice-chancellor in *Lofsky* v. *Maujer (1845), 3 Sand. Ch. 71,* said that it was well settled that a court of chancery would appoint a receiver of the lands mortgaged, and would restrain the mortgagor or his grantee from collecting the accrued rents, unpaid by the tenant, as well as the future rents and that this was clearly the effect of what the chancellor had held in the case of *Howell* v. *Ripley, 10 Paige 43.* A reference to *Howell* v. *Ripley* will disclose that the question was not argued before the chancellor although he had observed that "all the right that the complainant in such suit (a foreclosure suit on a first mortgage) could have claimed, in behalf of such receiver (a receiver appointed in such suit) would have been that the receiver in the former suit (a suit to foreclose a second mortgage) should de-

liver up to him the possession of the premises immediately; so as to enable him to receive and collect the rents then due from the tenants or which should thereafter become due." The court of appeals of New York, in *Argall* v. *Pitts, 78 N. Y. 239,* in 1879, opinion by Earle, said: "The mortgagee can only be entitled to the rents of the mortgaged premises by commencing suit for the foreclosure of his mortgage and procuring the appointment of a receiver, and then he will be confined to the rents and profits accruing during the pendency of the suit. The mortgagee has a mere lien upon the land mortgaged, as security." In *Rider* v. *Bagley, 84 N. Y. 465,* the court, again speaking through Judge Earle, said: "By the appointment of the receiver the plaintiff obtained an equitable lien upon the unpaid rents, and upon them only." He cited as authority *Lofsky* v. *Maujer, Howell* v. *Ripley* and his own case of *Argall* v. *Pitts.* His own opinion in *Argall* v. *Pitts* with respect to the right of a mortgagee to rents was precise, and the language used in *Rider* v. *Bagley* cannot be reconciled unless it be considered that, when he referred to unpaid rent in the latter case, he meant rent not accrued at the time of the appointment of the receiver. In *Wyckoff* v. *Scofield (1885),* the courts of appeals of New York, *98 N. Y. 477,* after speaking of *Argall* v. *Pitts,* stated that in a proper case upon foreclosure the mortgagee may have a receiver of the rents who may be authorized to collect rents as have theretofore accrued but have not yet come to the hands of the owner of the equity of redemption, citing *Hollenbeck* v. *Donnell, 94 N. Y. 342.* I can find nothing in *Hollenbeck* v. *Donnell* to justify its citation as authority for the statement made in *Wyckoff* v. *Scofield.* The question in that case was whether or not code provisions had taken away from the court of equity the power to appoint a receiver. The court said: "But when default has been made in the condition of the mortgage, the mortgagee at once becomes entitled to a foreclosure of the mortgage and a sale of the mortgaged premises. This process requires time, and on general principles of equity, the court may make the decree, when obtained, relate back to the time of the commencement of the action, and where necessary for the security of the mortgage debt, may appoint a receiver

of the rents and profits accruing in the meantime, thus anticipating the decree and sale." In 1887 the New York supreme court, first department, Patterson, Judge, at special term, in *Mutual Life Ins. Co.* v. *Belknap, 19 Abb. N, Cas. 345,* said: "It is extremely doubtful whether a receiver of the rents and profits in a foreclosure case can reach rents accrued prior to the commencement of the suit in which he was appointed." And referring to *Argall* v. *Pitts,* stated: "Although the precise question involved here was not directly before the court, the strong statement of the rule there made indicates the view of the court of last resort to be against the practice of extending receiverships of the rents and profits to rents accruing before suit." Only one New York case that I can find can be considered as direct authority and that is the case of *Lofsky* v. *Maujer,* opinion by the assistant vice-chancellor. In this state the rule is settled that a mortgage does not create an immediate legal estate in the mortgagee as at common law. The mortgage is a lien only and gives the mortgagee the right of entry only upon breach of the condition mentioned in the instrument. *Blue* v. *Everett; 56 N. J. Eq. 455,* court of errors and appeals. The court said: "Until such entry the mortgagor continues to be the legal owner for all purposes." It is the general rule that until entry by the mortgagee or sale under foreclosure, or the appointment of a receiver, the mortgagor is entitled to the possession of the property and the rents, issues and profits thereof. In *Hotel Company* v. *Kountze (1882), 107 U. S. 378,* 27 L. Ed. 609 (at p. 615), the supreme court of the United States said: "But in the case of a mortgage, the land is in the nature of a pledge; and it is only the land itself, the specific thing, which is pledged." And at page 616 the court stated that it was always within the power of a court of equity to appoint a receiver and preserve not only the *corpus* but the rents, issues and profits. In *Teal* v. *Walker, 111 U. S. 242;* 28 L. Ed. 415, the same court stated the American view to be that the mortgagee is not entitled to the rents and profits until he gets possession under a decree of foreclosure. In *Freedman's Savings and Trust Co.* v. *Shepherd (1887), 127 U. S. 494; 32 L. Ed. 163,* the court stated the rule to be that the mortgagee is not entitled to the rents and profits of the

mortgaged premises until he takes actual possession or until possession is taken in his behalf by a receiver. The court held that a pledge of rents accrued, but not paid, prior to the appointment of a receiver or of a sale under foreclosure, was valid. To the same effect is *Willis* v. *Eastern Trust and Banking Co. (1897), 169 U. S. 295; 42 L. Ed. 752; Woodworth* v. *North Western Mutual Life Ins. Co. (1901), 185 U. S. 354; 46 L. Ed. 945* (at *p. 949*) ; *Noyes, Receiver,* v. *Rich, 52 Me. 115.* And see *1 Am. & Eng. Encycl. L. (1st ed.)* tit. *"Mortgages" 812; 19 Rul. Cas. L.* tit. *"Mortgages"* § *96.*

In view of the unquestioned rule that a mortgagor, until default and proceedings taken thereunder by the mortgagee, is entitled to the rents, issues and profits, in the absence of express stipulation, it is hard to conceive of a theory upon which can be based the right of a receiver to collect rents accrued but unpaid at the time of his appointment or at the most, at the time of the filing of the bill, for some cases have held the right of the mortgagee may relate back to the filing of the bill. The only theory that I can think of may be that the rents, although accrued, yet so long as they remain unpaid, are a part of the real estate. That this is not true, however, is indicated by the holding that a purchaser at judicial sale, under foreclosure or otherwise, obtains no right to rents which have accrued prior at least to the date of sale. *16 Rul. Cas. L.* tit. *"Judicial Sales,"* § *106. Cropper* v. *Brown. 76 N. J. Eq. 406,* in which case Vice-Chancellor Garrison said (at *p. 419*) : "The legal title does not vest in the purchaser until the delivery of the deed, but in the meantime it is held in trust for him. Since he has stipulated that he is not to receive possession until a future date, namely, the time when the deed is to be delivered to him, he is not entitled to the fruits of possession, which are the current avails of the land."

The precise question before me has been referred to in several cases in this state. Vice-Chancellor Van Fleet, in *Northrup* v. *Roe (1887). 10 N. J. L. J. 334,* held, in a case where the land was occupied by a tenant who in lieu of a money rent, was to deliver a share of the produce of the land, that the receiver would not be permitted to take all of the mortgagor's share of the produce but that the value of the produce which the mort-

gagor was to receive would be considered as a fair rental of the premises for the year and the receiver would be permitted to take that portion of the produce as represented a fair rental value subsequent to the date of his appointment. In *Leeds* v. *Gifford, 41 N. J. Eq. 464,* the same vice-chancellor had said: "According to the rule now in force, a prior encumbrancer has an unquestionable right, as against the mortgagor and subsequent encumbrancers, in case his security is uncertain or precarious, to have the rents of the mortgaged premises, accruing subsequent to the appointment of a receiver, sequestered for his benefit." In 1879, the chancellor (Runyon), said in *Conover* v. *Grover, 31 N. J. Eq. 539:* "The mortgagees are entitled to the rents and profits which have accrued since the appointment of the receiver, if necessary, for the satisfaction of their mortgages." Although the remarks of the court in the two latter cases may be considered *dicta,* the statement of Vice-Chancellor Van Fleet in *Northrup* v. *Roe* appears to be be a direct authority.

I conclude, therefore, that in an ordinary case a receiver of mortgaged premises cannot be directed to collect rents which have accrued prior to his appointment although unpaid. The rule in England seems to have been the converse. *Codrington* v. *Johnstone (1838), 48 Eng. Rep. 1042,* Lord Langdale, master of the rolls.

It is urged on behalf of the second mortgagee, at whose instance the receiver was appointed, that the mortgagor or those holding under him have permitted taxes and other municipal liens, and interest on the first mortgage, to accrue and remain unpaid, with the result that liens have been created paramount to the lien of the second mortgage, and that in equity the receiver ought to be permitted to collect rents accrued, which have not been paid to the mortgagor or those holding under him, to be applied to the reduction of these paramount liens. I can find no case in which this precise question has been considered. The second mortgage contains a covenant obligating the mortgagor to pay taxes, assessments and other municipal liens. It was a purchase-money mortgage. Subsequent to its execution, and in 1914, the premises were conveyed by the mortgagor to the present owner. The

conveyance was made subject to two mortgages then liens upon the premises, a first mortgage now under foreclosure in this suit, and a second mortgage held by the applicant for the receiver herein. In the deed there is no assumption of the mortgages. It is the duty of a mortgagor to pay taxes and municipal liens and to keep down prior encumbrances. *Am. & Eng. Encycl. L. (1st ed.) tit. "Mortgages" 814; 27 Cyc. tit. "Mortgages" 1253; 19 Rul. Cas. L. tit. "Mortgages"* § *180.* The mortgagor cannot acquire, and hold adversely, a tax title against the mortgagee, nor can his grantees, although all that the grantees purchased is the equity of redemption and there is no assumption of the mortgage debt. *19 Rul. Cas. L. tit. "Mortgages"* § *172.* Note to *Cones* v. *Gibson, 16 L. R. A. (N. S.) 121* (at *p. 124*); *Zuege* v. *Nebraska Mortgage Co., 52 L. R. A. (N. S.) 877* (at *p. 878*); *State Mutual Building and Loan Association* v. *Millville Improvement Co., 74 N. J. Eq. 721* (at *p. 728*), &c.; affirmed on the opinion of the chancellor (then vice-chancellor), *76 N. J. Eq. 336; Farmer* v. *Ward, 75 N. J. Eq. 33.* It is recognized that with respect to taxes there is a fiduciary relation between the mortgagor and those holding under him and the mortgagee, and that they are bound in equity and conscience to do no act, and to suffer none to be done, which will destroy the mortgagee's title or impair his security. In jurisdictions in which it is recognized that a mortgage does not convey the legal title and does not give the mortgagee the right to immediate possession, courts of equity, after default, but prior to sale, have sanctioned the practice of appointing receivers to sequester the rents and profits, although not expressly pledged in the mortgage, where the mortgagor is insolvent and the security inadequate, upon the ground that the mortgagee acquires an equitable lien upon the rents, which holding must have been based upon the theory that unless a receiver is appointed the rents are liable to be collected by the mortgagor and diverted from their legitimate course, which must be assumed to be a keeping down of encumbrances upon the property. *27 Cyc. tit. "Mortgages" 1251; Am. & Eng. Encycl. L. (2d ed.) 980.* The tendency is toward extending the power of appointing a receiver. *Land Title and Trust Co.* v. *Kellogg, 73 N. J. Eq. 524; Broad*

*and Market National Bank* v. *Larsen, 88 N. J. Eq. 245; P. L.
1915 p. 506.*

The duty of a mortgagor to keep down encumbrances was
recognized by the chancellor (Runyon) in *Mahon* v. *Crothers,
28 N. J. Eq. 567.* He there said that a mortgagee who has no
personal security is entitled to a receiver where it appeared that
the mortgagor's premises was an insufficient security; that the
mortgagor who is in receipt of the rents and profits not only has
not kept down the interest, but has not paid the annual taxes,
whereby a lien on the premises therefor, paramount to that of
the mortgagee and bearing a high rate of interest, has been
created and still exists—a lien which, unless the property be re-
deemed therefrom, will extinguish the mortgage. This state-
ment was clearly based upon the idea of a breach of duty on the
part of the mortgagor to properly apply the rents. The duty of
a mortgagor to apply rents and profits and to keep down encum-
brances was also recognized in *Cortleyou* v. *Hathaway, 11 N. J.
Eq. 39.* The chancellor (Williamson), after stating that the
rule in New York with respect to the appointment of a receiver
of mortgaged premises had not been recognized in this state, and
that the court had acted upon the ground that where a man takes
a mortgage security for his debt and permits the mortgagee to
remain in possession, if there is a default in payment, the mort-
gagee must appropriate the property in the usual way for the
payment of his debt, said: "Where there is any act on the part
of the mortgagor or such tenant which shows fraud on his part,
or makes him chargeable with bad faith *in misappropriating*
[italics mine] the rents and profits for other purposes than that
of keeping down the interest on the encumbrances, in such cases
the court may very properly appoint a receiver." This is a clear
recognition of a duty on the part of the mortgagor to apply
rents to keeping down of encumbrances. The chancellor also
said that where the receiver was appointed at the instance of a
second mortgagee he would be directed to keep down interest on
prior mortgages.

It may be well argued that a mortgagee taking land as se-
curity for his debt does it with his eyes open, but he also does it
with the understanding that liens prior to his shall remain at the

amount they were at the time he took his mortgage, and that no other paramount liens will be created, such as taxes or other municipal liens. He assumes, as he has a right to assume, that the mortgagor, or those holding under him, will perform their duty of liquidating the interest accruing upon prior liens existing at the time he took his mortgage, and will pay taxes and municipal liens as they accrue. It seems to me that income accruing from property should, in equity, be first applied, as against a holder of a lien upon the property, toward the liquidation of taxes and other municipal liens and interest accruing on prior liens. To permit a mortgagor after default to collect rents accrued but not yet paid, and neglect to apply them toward the payment of taxes and municipal liens and interest on prior existing liens would, I think, be to permit the perpetration of a fraud upon the holder of the mortgage. It would permit a mortgagor to grant his property to an irresponsible third party, that third party to collect the rents, issues and profits of the property and apply them to his own use, permitting taxes and municipal liens to accrue, without the knowledge of the mortgagee, and then, when foreclosure is started, withdraw with his profits, leaving the mortgagee to face prior encumbrances not contemplated by the mortgagee. So far as the rents, issues and profits may have been actually collected by the owner of the fee the court, under the authorities, is helpless, but I can see no good reason why rents accrued, but not yet paid, at the time of the appointment of the receiver, should not be intercepted by the receiver and applied by him as equity and good conscience require them to be applied, toward the payment of taxes and municipal liens and interest upon prior encumbrances accrued prior to the time of the appointment of the receiver, and I think that this may be done upon the same theory as induced courts of equity originally to appoint a receiver and sequester rents, although not expressly pledged because, otherwise, they might be diverted from their legitimate course.

The receiver will be directed to collect the rents accrued but unpaid at the time of his appointment and apply them as herein indicated.

No costs to either party.