Complainant's bill is to foreclose a mortgage given to secure a bond in the principal sum of two thousand dollars ($2,000), with interest at five per cent. Both bond and mortgage were made by defendant Schenck (his wife, also a defendant, joining in the mortgage) to complainant's assignor, in 1905, payable one year thereafter.
In 1906 the mortgaged premises were sold for unpaid taxes for the year 1905, and were bought in by the township. In 1916 complainant took an assignment of the bond and mortgage, and made agreement with defendant mortgagors that the interest rate should thereafter be six per cent. instead of five per cent. *Page 548 
In 1918 the township, by decree in a suit in this court, foreclosed defendants and complainant of the right of redemption from the tax sale.
In 1921 defendant Schenck repurchased the mortgaged premises, and obtained deed of conveyance thereof, from the township.
It is the contention of the defendant mortgagors (the only answering defendants) that it was "the duty" of complainant to answer the township's foreclosure suit, "and to in all ways protect the mortgage held by her," and that by reason of the decree in the township suit complainant "has lost all lien or claim by virtue of the mortgage."
I am unable to see any justification for either of these propositions. It would, of course, have been futile for complainant to answer the township's suit — she could not have denied their allegations, which we must assume were true. She might have "protected" her mortgage by paying the amount due to the township. It may well be that if she had done so she would have acquired the township's lien, or a new lien for the same amount, against the mortgaged premises, although there is no stipulation to that effect in the mortgage. Cf. Farmer v.Ward, 75 N.J. Eq. 33. But even so, it was only complainant's privilege so to do — not her duty. It is not a mortgagee's duty (unless in possession) to pay the taxes on the mortgaged premises, and there is no evidence nor even allegation of any agreement by the mortgagee to pay them. In short, there is no evidence of any duty on the part of the mortgagee to pay the taxes, or to redeem from the tax sale.
On the contrary, it is the duty of the mortgagor to pay the taxes on the mortgaged premises (Stewart v. Fairchild, BaldwinCo., 90 N.J. Eq. 139 (at p. 145), and authorities there cited. It is his duty, from the nature of the mortgage contract, to preserve the property pledged for the purposes of the original security. 27 Cyc. 1154.
It would seem clear, therefore, upon ordinary equitable principles that defendants cannot be allowed to take advantage of their own wrong, and cannot be permitted to set *Page 549 
up in defense to the foreclosure of the mortgage made by them the title obtained from the township (which in the ownership of third parties would, of course, be a bar to the complainant's present suit).
Such is not only the general rule (27 Cyc. 1152, 1153, 1154, and cases cited), but is the rule in this state. "The statute does not, in terms, prevent the owner from acquiring a tax title which will cut off the mortgagee, and yet such a prohibition, it is conceded, actually exists." Farmer v. Ward, supra (at p.35). "The mortgagor cannot acquire and hold adversely a tax title against the mortgagee, nor can his grantees, although all that the grantees purchased is the equity of redemption, and there is no assumption of the mortgage debt." Stewart v.Fairchild, Baldwin Co., supra (at p. 145), citing authorities.
The same result is also reached by considering the effect of the covenant for quiet enjoyment contained in the mortgage now under foreclosure. It is held by the court of errors and appeals, in Tully v. Taylor, 84 N.J. Eq. 459, that a covenant in the same words estops a mortgagor from asserting against the mortgagee a superior title outstanding at the date of the mortgage and subsequently acquired by the mortgagor. In the instant case the superior title was not existent at the date of the mortgage, but that fact is immaterial so far as the principle is concerned.
Other authorities to the same effect may be found in the notes.L.R.A. 1918B (at p. 770).
Complainant is entitled to the usual foreclosure decree, with costs. The amount due is the two thousand dollars ($2,000) principal, with interest at six per cent., from April 11th, 1920.
As to the defendant Elmer J. Mundy, an order to answer will be necessary as against him, under rule 190. *Page 550