April 7th, 1922, defendant Warburton purchased and obtained delivery of an automobile from Petry Motor Sales Company, on conditional sale agreement, which was filed in the county clerk's office, April 10th, 1922. He, subsequently, April 20th, 1923, and before completing the payments due on the conditional sale agreement, gave a chattel mortgage on the automobile to complainant as security for complainant's endorsement of his note, representing himself as the owner of the car, and making no mention of the conditional sale agreement.
Thereafter, on May 1st, 1923, defendant Warwick paid to the Petry company $88.39, being the balance then unpaid of the purchase price of the car, and the Petry company gave Warburton a bill of sale (under P.L. 1919 ch. 168 p. 357), Warburton immediately assigned and delivered the same to defendant Warwick, by written assignment (under the same statute).
Still later, on March 8th, 1924, on Warburton's default, complainant was compelled to pay, and did pay, a balance of $350 due on the endorsed note, and caused the automobile (which was in Warburton's possession) to be seized and advertised for sale under the chattel mortgage.
Defendant Warwick then claimed the machine. Complainant tendered her, without prejudice, the $88.39 which she had paid the Petry company, as before stated, but the tender was refused; later, by agreement of the parties, the automobile was turned over to the defendant Warwick upon her depositing $375 with the defendant Apgar, as trustee, as security for complainant's claim under the chattel mortgage, if such claim should be determined to be valid. The present suit is to obtain such determination, and a disposition of the trust fund accordingly. *Page 83 
The theory of complainant is that while his interest as chattel mortgagee from Warburton was, of course, subject to the prior rights of the Petry company under the conditional sale (as is certainly the case under the Uniform Conditional Sales act, P.L.1919 p. 461), still, Warburton's interest was also subject, secondarily, to complainant's chattel mortgage; that when the balance due on the conditional sale was paid, the prior rights under the conditional sale were discharged and complainant's mortgage became the first lien on the car, and is ahead of the rights of Mrs. Warwick under the subsequent sale and as assignment from Warburton to her.
Mrs. Warwick contends that the chattel mortgage of complainant is of no force or validity, at least, as against her, because Warburton did not own the car at the time of the mortgage, and, therefore, could not, under the Conditional Sales act, mortgage it, and because the mortgage purports to assign and convey, by way of security, the car itself, not Warburton's interest in the car, and, hence, it is not valid as a mortgage of Warburton's interest in the car, and because the mortgage does not in terms cover after-acquired property, and, hence, did not attach to the car when full title and ownership passed to Warburton on May 1st, 1923.
The chattel mortgage does not purport to cover after-acquired property, but, in my view, that is not a material circumstance. This is not a case of after-acquired property; by that term is meant property in which the mortgagor had no interest at the time of the mortgage, but in which he, subsequently, acquired an interest. In the present case the mortgagor did have an interest at the time of the mortgage.
That interest he had the power, and the right under certain conditions, to mortgage, as is clear from section 13 of the Conditional Sales act. That section, it is true, says that prior to the performance of the condition he "shall not sell, mortgage or otherwise dispose of his interest in the goods" unless notice be given the conditional vendor. But it does not say that any such sale or mortgage shall be void, and it has the further provision that if he "does so sell, mortgage or otherwise dispose of his interest in the goods," without *Page 84 
such notice the conditional vendor may take possession of the goods as on default. Clearly, then, such a mortgage is not void. It is effectual as between the mortgagor and mortgagee, though it cannot affect the conditional vendor to his detriment.
It would seem that the mortgage must be equally effective as between the mortgagee and anyone claiming, subsequently, under the mortgagor, unless affected by the statutory provisions as to recording. The interest which was in Warburton and passed under the operation of his mortgage to complainant was an equitable interest, similar to the equity of redemption; it was a right to the legal title upon payment of the purchase price. His interest, subsequent to the mortgage, was an equity subject to the conditional vendor's title and interest as security for the purchase price, and subject, also, to the interest of the chattel mortgagee.
When the legal title later passed to Warburton from the conditional vendor, it enured to the benefit of the chattel mortgagee. Warburton could not be heard to contend that, by acquiring this legal title, he had acquired an interest superior to that of the mortgagee, especially in view of his covenant of general warranty which the chattle mortgage contains. Cf. Tully
v. Taylor, 84 N.J. Eq. 459; Ripley v. Schenck, 96 N.J. Eq. 547.
Nor can anyone, such as the defendant Warwick, claiming as a subsequent assignee from the mortgagor, be heard so to contend, for she could acquire no greater rights than her assignor, unless some other facts intervened to raise a superior equity.
None such appears in the present case. The chattel mortgage was duly recorded, and the defendant Warwick, therefore, took with notice of the rights of complainant under his mortgage.
It follows that complainant is entitled to have paid to him out of the fund in the hands of the trustee, the amount of his debt and interest, to wit, $350 plus interest, from March 8th, 1924. Costs will be awarded complainant and the trustee as against defendant. *Page 85