Complainant is lessee of premises in the City of Burlington where it conducts a store business; it has occupied the same place since 1933, and the lease asserted in the present bill of complaint grants a five-year term which expires June 30th, 1943. Defendant owner has demanded possession of the property and has given notice to complainant to vacate. Complainant seeks protection of its rights under the lease, and asks for restraintpendente lite against interference with its possession. At the return of the order to show cause, defendant moved to strike the bill for want of equity.
The facts which give rise to the controversy are these: Prior to the date of complainant's lease, the defendant's predecessor in title had executed a mortgage on the leased property to Equitable Life Assurance Society; in 1939 the mortgagee instituted a foreclosure proceeding in this court; the lessee (complainant herein) was made a defendant in the foreclosure suit, and it submitted to a decree pro confesso: the final decree of foreclosure is dated September 21st, 1939. Execution issued on that decree, and the property was advertised for sale by the sheriff of Burlington County. After more than a hundred adjournments of sale, the property was bid in by the mortgagee on January 8th, 1942, for $100; following confirmation of sale, the bid was assigned by the mortgagee to the mortgagor (defendant herein), and the sheriff's deed, dated March 3d 1942, conveyed title to the mortgagor.
On March 21st, 1942, defendant herein notified complainant that possession of the property would be required on April 30th, 1942.
The lease, under which complainant holds, contains the following covenant: *Page 501 
"And the said party of the first part doth covenant that the said party of the second part, on paying the said yearly rent, and performing the covenants aforesaid, shall and may, peaceably and quietly, have, hold, and enjoy the said demised premises for the term aforesaid."
The defendant now insists that the foreclosure decree terminated the rights of the complainant under its lease. I do not agree. So far as the mortgagee and third parties claiming under the mortgagee are concerned, this is undoubtedly true; but, so far as defendant-lessor is concerned, it is estopped to deny its solemn covenant with complainant for the latter's quiet enjoyment of the demised premises during the term of the lease.
It seems immaterial to me whether the foreclosure decree in the instant matter be regarded as having divested the owner of his title, or not. In practical effect, what the defendant did was to redeem its property from the lien of the mortgage, and this is no more than it was bound to do in equity and good conscience, in fulfillment of its covenant with its lessee. On the other hand, if defendant's present title be regarded as having come through the mortgagee by purchase — and not by redemption — the result is the same, and defendant will not be heard to deny an obligation which it is perfectly able to perform and which it has bound itself to perform.
Certain fundamental concepts underly the views with which equity regards the conduct of those who come under its scrutiny: It attributes good motives — not bad motives — to the conduct of contracting parties with respect to the subject-matter of the contract, to the end that the objects thereof may be effectuated — not repudiated; it favors performance — not non-performance; it frowns upon forfeitures and penalties; it presumes to have been done that which ought to have been done.
So powerful is the effect of an equitable estoppel, in the protection of an estate conveyed with covenants of quiet enjoyment, that the estoppel is said to work "upon the estate, and binds an after-acquired title as between parties and privies." I see no distinction in the application of this principle to an estate for years, or to an absolute estate, and none *Page 502 
has been called to my attention. Mr. Chief-Justice Gummere, for the Court of Errors and Appeals, in Tully v. Taylor, 84 N.J. Eq. 459,
said (at p. 462):
"This covenant, viz., the covenant for quiet enjoyment, is one of the principal covenants for title and even in a deed gives the grantee the benefit of a title subsequently acquired by the grantor."
The Chief-Justice cited the case of VanRensselaer v.Kearney, 11 Howard 297, where it is said,
"whatever may be the form or nature of the conveyance used to pass real property, * * * if the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seized and possessed at the the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies."
The Chief-Justice also cited the case of Ryan v. UnitedStates, 136 U.S. 68, where it is said,
"`that when one assumes by his deed to convey a title and by any form of assurance obligates himself to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be suffered afterwards to acquire or assert a title, and turn his grantee over to a suit upon his covenant for redress.'" See, also, Brundred v. Walker, 12 N.J. Eq. 140.
Nor can the lessor now claim that the benefits of the covenant were waived by the lessee through the latter's failure to file an answer in the foreclosure suit asserting its rights in the property under the lease.
In principle, the questions here presented are not unlike those before Vice-Chancellor Buchanan in Ripley v. Schenck, 96 N.J. Eq. 547; 126 Atl. Rep. 603. There a mortgagor, who subsequently lost title to the mortgaged property through default in payment of taxes and the foreclosure of a tax sale certificate held by the township, repurchased the property; he then resisted payment of the mortgage on the theory that the foreclosure of the tax sale certificate (and, in particular, *Page 503 
the failure of the mortgagee to answer that suit) had extinguished the mortgage. Said the Vice-Chancellor (at p.548):
"It is the contention of the defendant mortgagors (the only answering defendants) that it was `the duty' of complainant to answer the township's foreclosure suit, `and to in all ways protect the mortgage held by her,' and that by reason of the decree in the township suit complainant `has lost all lien or claim by virtue of the mortgage.'
"I am unable to see any justification for either of these propositions. It would, of course, have been futile for complainant to answer the township's suit — she could not have denied their allegations, which we must assume were true. She might have `protected' her mortgage by paying the amount due to the township. It may well be that if she had done so she would have acquired the township's lien, or a new lien for the same amount, against the mortgaged premises, although there is no stipulation to that effect in the mortgage. * * * But even so, it was only complainant's privilege so to do — not her duty. It is not a mortgagee's duty (unless in possession) to pay the taxes on the mortgaged premises, and there is no evidence nor even allegation of any agreement by the mortgagee to pay them. In short, there is no evidence of any duty on the part of the mortgagee to pay the taxes, or to redeem from the tax sale."
 * * * * * * *
"It would seem clear, therefore, upon ordinary equitable principles that defendants cannot be allowed to take advantage of their own wrong, and cannot be permitted to set up in defense to the foreclosure of the mortgage made by them the title obtained from the township (which in the ownership of third parties would, of course, be a bar to the complainant's present suit)."
 * * * * * * *
"The same result is also reached by considering the effect of the covenant for quiet enjoyment contained in the mortgage now under foreclosure. It is held by the Court of Errors and Appeals in Tully v. Taylor, 84 N.J. Eq. 459, that a covenant in the same words estops a mortgagor from *Page 504 
asserting against the mortgagee a superior title outstanding at the date of the mortgage and subsequently acquired by the mortgagor."
The bill of complaint alleges not only the present effort of the defendant to take the possession of the demised premises from complainant, but also an earlier (and unsuccessful) effort to do so by ejectment proceedings in the Burlington County Circuit Court. The undisputed allegation of fact that complainant would be unable to find accommodations for its store in the City of Burlington, if removed from the property in question before the expiration of the term of the lease, makes a case of threatened irreparable damage which this court should prevent.
The motion to strike the bill is denied; and an order for a preliminary injunction will be advised. *Page 505