This is an application for the appointment of a receiver of rents of mortgaged premises.
The bill of complaint was filed April 26th, 1946, to foreclose a mortgage dated February 28th, 1941, which is alleged to have matured on March 1st, 1946.
The mortgage contained the following clause:
"The said william Doldus, his heirs, executors, administrators or assigns, shall have the privilege of renewing this mortgage and the accompanying bond for an additional five years from the date when said bond and mortgage is made payable as therein provided however, that the said bond and mortgage for such extended period shall bear interest at the rate of four per cent per annum instead of three per cent per annum, the sum of Five Hundred ($500.00) Dollars shall be paid in reduction of the principal, and shall be amortized thereafter at the rate of one per cent per annum on the principal of said mortgage at the time of such extension. Such amortization is to be paid in twelve monthly installments of each year on interest bearing dates, and provided further that the said bond and mortgage, shall not be in default at the time of such extension."
The mortgage also contained a provision for thirty days' grace for the making of payments of interest, installments on principal and installments of taxes, c.
On February 27th, 1946, the defendant's solicitor notified complainant of its intention to renew the mortgage. Defendant's solicitor was informed by the secretary of the complainant that the $500 payment must be made on March 1st, 1946, otherwise complainant would deem the mortgage due. On March 4th, 1946, the defendant tendered the $500 to said secretary who refused to accept it.
Defendant contends that the thirty-day grace period applies to the payment of the $500 as well as to the payments specifically mentioned in the clause above referred to. *Page 273 
The complainant denies this contention and says that time is of the essence and that the payment should have been made on or before March 1st, 1946.
Defendant also contends that the language of the mortgage is ambiguous and that, therefore, it should be construed most strongly against the complainant.
I am of the opinion that the $500 payment was not intended by the parties to come under the "grace" provision. Such payment was to be made only in the event the mortgagor wished to exercise its privilege of renewing the mortgage. Since the payment of $500 was not made on its due date, there was a default which entitled the complainant to the appointment of a receiver under the terms of the mortgage.
The contention that the language is ambiguous is without merit.
Defendant's solicitor cites the cases of Stewart v.Fairchild-Baldwin Co., 90 N.J. Eq. 139; affirmed, 91 N.J. Eq. 86,
and Paramount Building and Loan Association v. Sacks,107 N.J. Eq. 328. The Stewart Case is distinguishable from the case before me for the reason that the mortgage in that case did not contain a clause assigning the rents. In the Paramount Case
there was an assignment of the rents to the first mortgagee "conditioned upon default and effective as of the date of the filing of the bill to foreclose." The second mortgage contained an assignment of the rents effective upon default. A third mortgage was subject to the rights of the first and second mortgages and also contained a provision for an assignment of the rents. Vice-Chancellor Berry held that the first mortgagee was entitled to the rent which became due after the filing of the bill because the mortgage provided "that the assignment was not to become effective until bill filed." He further held that the second mortgagee was entitled to the rents which became due prior to the time of the filing of the bill.
In view of the above cases, it appears that the mortgagee by virtue of the provision for the assignment of the rents is entitled to the rents which became due after default, as assignee, and the receiver, to be appointed, is entitled to the *Page 274 
rents which become due after his appointment. In any event, the defendant is not entitled to the rents due after the default.
I will appoint a receiver of rents who will serve without compensation as suggested by Mr. Lichtenstein, who appeared for the complainant.
The bond should be in the sum of $5,000.