The mortgagee of real estate, Mr. Salisbury, and the assignee of a tax sale certificate, Mrs. Junge, each claims priority of lien. The case turns on the question whether Mrs. Junge has beneficial title to the certificate that stands in her name, or whether she holds it on a secret trust for Hutton, who is the owner of the equity of redemption. If Mrs. Junge is the real owner, the certificate is the first lien. But if Hutton is the equitable owner of the certificate, neither he nor Mrs. Junge can assert its priority as against the mortgagee. Stewart v.Fairchild Baldwin Co., 90 N.J. Eq. 139; 91 N.J. Eq. 86
(1919); Ripley v. Schenck, 96 N.J. Eq. 547 (Buchanan, V.C.
1924).
A strong prima facie case that Mrs. Junge is the real owner of the certificate is made by the formal assignment itself, by her check for the purchase price and by her testimony that it was her money which bought the certificate and that no money of Hutton's went into the purchase. There is no direct evidence to the contrary, no proof that Hutton promised to reimburse her or ever did so. Salisbury urges that there is circumstantial evidence sufficient to offset the direct proof of Mrs. Junge's beneficial title. For example, the facts that the correspondence with the town clerk leading to the purchase of the tax certificate was carried on by Hutton and not by Mrs. Junge; and that the body of the check which Mrs. Junge signed in payment of the certificate, is in Hutton's handwriting. There is certainly enough in the proofs to arouse suspicion, but we agree with the learned Judge of the Chancery Division that the circumstances on which Salisbury relies, are not sufficient to overthrow Mrs. Junge's title *Page 19 
and establish the secret trust which is the basis of his claim of priority. We regret that neither party saw fit to present the testimony of Hutton himself, or Mr. Breslin, or an unnamed man "who lived in the house," who were mentioned by Mrs. Junge. The additional testimony might have made up a more conclusive case, one way or the other, than is made by the evidence on which the parties rested.
The judgments will be affirmed.