Defendant, Max Selikowitz, appeals from an order of the Superior Court, Law Division, striking his answer and directing final judgment to be entered in favor of the plaintiff, Miller and Sons Bakery Co., Inc.
The undisputed facts are: the parties entered into a written contract dated November 17, 1948, for the sale of defendant's bakery business, one of the provisions of which required seller to obtain an employment agreement with one James Koye for a term of one year, at a stated salary and a covenant therein restricting the employee not to enter into a similar business for at least two years; plaintiff had the option to rescind the contract if the seller failed to secure the employment contract; settlement was fixed for January 3, 1949, at which time the employment agreement and other papers were to be delivered; defendant submitted an executed employment agreement, dated November 23, 1948, to plaintiff for approval which was not strictly in accord with the terms specified in the sales agreement, accompanied by a letter from defendant's attorney stating: "Please let me know whether the same meets with your approval, so we can at least dispose of this question at the closing;" plaintiff promptly notified defendant that it had elected to cancel the contract because of defendant's inability to comply with the contract of sale; on December 2, 1948, defendant's attorney requested plaintiff's attorney to prepare a contract satisfactory to him or to instruct defendant as to what changes he required and he would obtain the signatures of the necessary parties to such a contract; plaintiff's attorney again notified defendant's attorney that the contract had been rescinded and demanded return of deposit; defendant's attorney, on December 6, 1948, notified plaintiff's attorney that defendant would perform the contract *Page 100 
of sale in conformity with its terms at the closing date and under date of December 14, 1948, submitted to plaintiff's attorney an employment contract that conformed in all respects to the provisions of the agreement of sale, stating that it would be delivered at the closing date; plaintiff's attorney thereupon informed defendant's attorney that suit for recovery of the deposit, based on the alleged anticipatory breach of the contract, had been instituted.
After institution of plaintiff's action, defendant applied for a dismissal of the complaint on the ground that it did not exhibit a legal cause of action. The court denied this motion and defendant thereupon filed his answer, setting up several defenses, alleging inter alia, that he had not committed any anticipatory breach of the contract of sale; that the employment contract first submitted was "not intended as a final unequivocal contract" and was not required to be delivered until the closing date on January 3, 1949, in advance of which defendant had obtained an executed employment contract with James Koye in conformity with the agreement of sale. Thereupon, plaintiff applied to the court for an order striking defendant's answer on the ground that it did not exhibit a legal defense and, as there were no disputed facts, that judgment final be entered in favor of plaintiff against defendant. After hearing argument on plaintiff's application, the court entered an order on February 15, 1949, striking defendant's answer and directing that final judgment be entered in favor of plaintiff against defendant for the sum of $2,000, representing the down payment on the agreement of sale.
We are of the opinion that the Law Division erred in striking defendant's answer. Its allegations sufficiently constitute a legal defense to the plaintiff's action and sufficient competent proofs were submitted at the hearing before the court to support the allegations of the answer.
Plaintiff contends that the defendant's submission of an executed contract with Koye for its approval was conclusive evidence of an anticipatory breach of the contract of sale in that the terms of the employment contract did not conform in all respects to the requirements of the contract of *Page 101 
sale. Defendant argues that the first employment contract submitted was not intended to be final and that this clearly appears from defendant's letter accompanying the employment contract, stating in effect that it was submitted merely for plaintiff's approval or disapproval; that defendant later, well in advance of the time of the settlement, submitted another employment contract which was in conformity with the contract of sale; that defendant's conduct conclusively manifested at all times a bona fide intent to strictly conform to the provisions of the contract of sale and that he was prepared to do so at the closing date and had so informed plaintiff. Mr. Justice Cardozo, speaking for the United States Supreme Court in New York LifeInsurance Co. v. Viglas, 297 U.S. 672, 80 L.Ed. 971, at p.
977, took occasion to clarify the meaning of an anticipatory breach, wherein he stated:
"* * * Strictly an anticipatory breach is one committed before the time has come when there is a present duty of performance.Roehm v. Horst, 178 U.S. 1, 44 L.Ed. 953, 20 S.Ct. 780,supra; Pollock Contr. 9th ed. p. 293; 3 Williston Contr.Sections 1296 et seq., collecting the decisions. It is the outcome of words or acts evincing an intention to refuse performance in the future."
We disagree with plaintiff's contention that the submission of the first contract of employment was such conduct as indicated a refusal by defendant to carry out the terms of the agreement of sale in the future. The letter of defendant's attorney accompanying the employment contract manifests no such intention, but rather indicates that it is a tentative proposal. Defendant's subsequent conduct justifies the conclusion that defendant did not at any time indicate an intent to refuse to perform the contract of sale sufficient to justify plaintiff's rescission. It appears that defendant consistently put forth efforts in good faith to negotiate a contract of employment satisfactory to all parties concerned and in no way did he attempt a repudiation of the sales agreement. The buyer was not agreeable to a discussion of the terms of an agreement collateral to the main sales contract, but seized upon this attempted negotiation by the defendant as a repudiation of the contract and an opportunity to sue for rescission. *Page 102 
This court is of the opinion that the defendant's conduct did not constitute a renunciation sufficient to warrant rescission. In 17C.J.S., § 472, p. 976, it is stated:
"In order that the rule permitting the immediate institution of a suit on the repudiation of a contract may apply, the renunciation must cover the entire performance to which the contract binds the promisor.
"Furthermore, the renunciation must be absolute and unequivocal. * * *"
It is further stated in 13 C.J., § 661, at p. 613:
"* * * The right to rescind, however, is an extreme one and does not arise from every breach. * * * The general rule is that rescission will not be permitted for a slight or casual breach of the contract, but only for such breaches as are so substantial and fundamental as to defeat the object of the parties in making the agreement. * * *"
"If a party means to rescind a contract because of the failure of the other party to perform it, he should give a clear notice of his intention to do so, and where time is not of the essence of the contract he must give the other party a reasonable time thereafter to comply. * * *" 17 C.J.S., Section 435, p. 918.
While the factual situation in the case of Schorr, etc., Inc.,v. Jacob Ellis Realties, Inc., 131 N.J. Eq. 499 (1942), is substantially different from the present case, Vice-Chancellor Woodruff, speaking for the Court of Chancery, stated the fundamental concept which should apply to the conduct of contracting parties with respect to the subject matter of the contract, stating:
"* * * It attributes good motives — not bad motives — to the conduct of contracting parties with respect to the subject-matter of the contract, to the end that the objects thereof may be effectuated — not repudiated; it favors performance — not non-performance; it frowns upon forfeitures and penalties; it presumes to have been done that which ought to have been done."
We think this rule is a sound one and applies particularly to the case here under review.
Plaintiff refused to give defendant an opportunity to comply with the contract of sale when defendant sought it. Plaintiff's *Page 103 
conduct would indicate that it was seeking an opportunity to avoid the contract of sale and promptly seized it when the first employment contract was submitted and remained adamant thereafter in its position to rescind. To enforce the rule of law extending the right of rescission on the ground of an anticipatory breach of a contract to the situation here would be harsh indeed, and is not justified by the factual situation, nor does it come within the comprehension of the rule.
Our determination of the issue requires a reversal of the Law Division's judgment both with respect to striking defendant's answer and entering judgment in favor of the plaintiff.