# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### MARCH TERM, 1915.

---

IDA E. TULLY, appellant,

*v.*

SAMUEL J. TAYLOR et al., respondents.

[Submitted March 22d, 1915. Decided June 14th, 1915.]

1. It would seem that, in this state, the common law rule permitting a grantor who has conveyed by a deed without covenants of title to assert as against his grantee an adverse title subsequently acquired by him is not applicable as between mortgagor and mortgagee.

2. An owner of land executed a mortgage thereon containing a covenant for quiet enjoyment. After the mortgagor's death his widow, who was sole devisee, used part of the proceeds of the loan to purchase an outstanding interest in the premises which she attempted to assert after the foreclosure of the mortgage.—*Held* that, since the mortgagor, her husband, would have been estopped to assert such outstanding title against the mortgagee, his widow, being privy in estate with her husband, was also estopped to the same extent.

459

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Harrison H. Voorhees,* for the appellant.

*Mr. Thomas P. Curley,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed to quiet title to a tract of land in Holly Beach, Cape May county. The following are the material facts: Latimer R. Baker, claiming to be the owner of the land in question, conveyed it to Harry Hoffman and Frank Baingo, as tenants in common. Some time later Hoffman conveyed his interest to Baingo. Baingo then applied to Mrs. Tully, the complainant, for a loan of $10,000 upon the property, and this she agreed to make. There then being upon the land liens amounting to over seven thousand dollars, the moneys agreed to be loaned were placed in the hands of one Hagan, the agent of the complainant, with the consent of Mr. Baingo, in order that Hagan might pay off these liens. Hagan did this; and in the meantime the mortgage was executed by Baingo and his wife, delivered to Mrs. Tully, and placed on record. Before all of the liens were discharged Baingo died, leaving a will by which he devised and bequeathed all of his estate to his widow, and appointed her sole executrix. The moneys remaining in Hagan's hands after the discharge of the liens ($2,536.37) were paid over by him to Mrs. Baingo. Default having been made in the payment of the interest, Mrs. Tully filed a bill to foreclose her mortgage, and in due course a final decree was entered in that suit, and execution issued thereon for the sale of the mortgaged premises. At the sheriff's sale under that execution Mrs. Tully appeared, and, being the highest bidder, the property was struck off to her. At the time of the making of the mortgage by Baingo and his wife to Mrs. Tully, there was an outstanding interest in a portion of the property held by one Gallagher, and that interest was purchased from Gallagher by one Taylor, acting for Mrs. Baingo, and the purchase price paid by him out of the $2,-

536.37, which Mrs. Baingo received from Hagan, as before stated. At the time of the foreclosure sale Taylor announced to would-be purchasers the existence of this outstanding title, and after the execution of the sheriff's deed to Mrs. Tully, the purchaser at the sale, Mrs. Baingo claimed to have an adverse interest in the land by virtue of her purchase of the Gallagher title. Mrs. Tully, by the bill in the present cause, seeks an adjudication that the purchase by Mrs. Baingo of the outstanding Gallagher title enured to her interest, and that Mrs. Baingo is estopped from asserting the adverse title as against her.

The learned vice-chancellor who heard the cause, after stating that the well-settled rule at common law was that where a deed of conveyance contained a warranty or covenant of title in the vendor, he, and all persons holding under him, were estopped from denying title in the vendee, and that an after-acquired title by the vendor would enure to the benefit of the vendee; and that, on the contrary, where the grantor conveyed by deed without covenants, he was not estopped from asserting an adverse title subsequently acquired by him, declared that an examination of the mortgage failed to disclose any such covenant, and for this reason concluded that the complainant was not entitled to the relief which she sought. He, consequently, advised a decree in favor of the defendant, and from that decree complainant now appeals.

The rule of the common law permitting a grantor who has conveyed by a deed without covenants of title to assert, as against his grantee, an adverse title subsequently acquired by him, has not been considered by the courts of this state to be applicable as between mortgagor and mortgagee. In the early case of *Decker* v. *Caskey, 3 N. J. Eq. 446*, it is said that if a mortgage be made on an estate to which the mortgagor has not a good title, and then he who has the real title conveys to the mortgagor, or his representatives, a good title, the mortgagee will be entitled in equity to the benefit of it. In *Den* v. *VanNess, 10 N. J. Law 102*, the supreme court held that a mortgagor will not be permitted to dispute a title derived under his mortgage, nor allege anything in opposition to a claim founded on it, and that he cannot set up an outstanding title in another in an action of ejectment brought upon the mortgage, for the purpose of defeat-

ing a recovery. In that case the court cited with approval the following language of Lord Mansfield in *Doe* v. *Pegge, 1 T. R. 758:* "I found this point settled before I came into this court, that the court never suffers a mortgagor to set up the title of a third person against his mortgage; for he made the mortgage and it does not lie in his mouth to say so, though such third person might have a right to recover possession." And in the case of *Den* v. *Gardner, 20 N. J. Law 556, 560,* it is said: "Whatever may be the effect of ordinary deeds of conveyance without warranty in concluding a grantor, who has released or conveyed without interest, yet, in relation to mortgages, the question is well settled. By an equitable estoppel, based upon the legal fraud which would be otherwise permitted, one who mortgages land as his own, upon suit thereupon brought against him, shall not be permitted to derogate from his own mortgage, by denying his title, or by setting up title in any third person."

We would not feel justified in overruling this principle of law which has prevailed in this state for so long a period of time, unless it was manifestly unsound. But the determination of this case does not, in our opinion, depend upon the existence of the exception to the rule, which has been established by the cases referred to.

Upon an examination of the mortgage made by Baingo and his wife to the complainant, we find the following covenant which, apparently, was overlooked by the vice-chancellor:

"And the said Frank Baingo, and Margaret Baingo, his wife, for themselves and their heirs, executors and administrators, do covenant and grant to and with the said party of the second part, her heirs, executors, administrators and assigns * * * that the said party of the second part, her heirs, executors, administrators and assigns, shall and may from time to time, and at all times after default shall be made in the performance of the provisos or conditions herein recited and contained, peaceably and quietly enter into, have, hold, use, occupy, possess and enjoy all and singular the above granted and bargained premises, with the appurtenances, without the let, suit, trouble, hindrance or denial of the said party of the first part, their heirs or assigns, or of any other person or persons whatsoever."

This covenant, viz., the covenant for quiet enjoyment, is one of the principal covenants for title, and even in a deed gives the grantee the benefit of a title subsequently acquired by the grantor.

In the case of *VanRensselaer* v. *Kearney, 11 How. 297,* it is said that the principle deducible from the authorities is that "whatever may be the form or nature of the conveyance used to pass real property, if the seizin or possession of a particular estate is affirmed in the deed, either in express terms or *by necessary implication,* the grantor, and all persons in privity with him, shall be estopped from ever afterward denying that he was so seized and possessed at the time he made the conveyance. The estoppel works upon the estate and binds all after-acquired title as between parties and privies." And, in the later case of *Ryan* v. *United States, 136 U. S. 68,* it is said that "when one assumes by his deed to convey a title to real estate, and by any form of assurance obligates himself to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be suffered afterwards to acquire and assert an adverse title, and turn his grantee over to a suit upon the covenant for redress." It is unnecessary to multiply citations in support of a rule which is so universally observed and the existence of which is conceded by the court below.

It follows from what has been said that if the outstanding title which the complainant seeks to have voided had been set up against her by the mortgagor, he would have been held to be estopped to assert it against her. The present defendant, Mrs. Baingo, took the title to this land by devise from her husband, subject to the mortgage. She bought in the outstanding title of Gallagher with the proceeds of the mortgage. Under these circumstances, she is privy in estate with her deceased husband, and the estoppel binds her to the same extent that it would have bound him had he attempted to set up the adverse title.

The result therefore is that the complainant was entitled to the relief which she sought, and that the decree under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.