DAVID ELKIND *vs.* JEANIE PINKERTON & others.

Suffolk. May 19, 26, 1936. — May 27, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction,* To relieve from the results of fraud. *Fraud.*

Fraud on the part of the owner of the equity of redemption from two mortgages of real estate who, collusively with her daughter, defaulted on the first mortgage and caused its foreclosure, caused the daughter to become purchaser at the foreclosure sale and to give a new mortgage to the first mortgagee for the greater part of the purchase price, and concealed the entire transaction from the second mortgagee, all for the purpose of destroying the mortgage rights of

the second mortgagee and at the same time of placing the title in the name of another than the party liable on his mortgage note, justified a decree in a suit in equity by the second mortgagee establishing the debt due him and subjecting the equity of redemption in the name of the daughter to sale to satisfy the debt if it were not paid.

BILL IN EQUITY, filed in the Superior Court on July 10, 1934.

The suit was heard by *Greenhalge,* J., by whose order a final decree was entered dismissing the bill as to the defendant Sharon Co-operative Bank, but granting relief as against the other defendants. The defendant Jeanie Pinkerton appealed from the final decree so entered.

*A. Shachter,* for the defendant Jeanie Pinkerton, submitted a brief.

*I. N. Samuels,* (*J. H. Cinamon* with him,) for the plaintiff.

QUA, J. The plaintiff was the holder of a second mortgage on real estate in Sharon, subject to a first mortgage held by the defendant Sharon Co-operative Bank, hereinafter called the bank. The equity of redemption was owned by the defendant Jeanie Pinkerton. On December 27, 1933, the bank foreclosed its first mortgage for nonpayment of monthly instalments required by the terms of the mortgage note. At the foreclosure sale the property was bid in for the defendant Evelyn P. Pinkerton, the daughter of the defendant Jeanie Pinkerton, and was deeded by the bank to said Evelyn P. Pinkerton. She at once gave a new mortgage to the bank for the greater part of the purchase price.

The trial judge found that the defendants Pinkerton jointly with other persons not parties to the suit devised and put into effect a scheme under which title was vested in the defendant Evelyn P. Pinkerton by means of the foreclosure for the purpose of depriving the plaintiff of his security, but that the bank was not a party to the fraud. He entered a decree dismissing the bill as to the bank, establishing and ordering to be paid the debt of Jeanie Pinkerton to the plaintiff secured by the second mortgage and providing in default of said payment for the sale of the equity of redemption now standing in the name of

Evelyn P. Pinkerton and for the application of the proceeds to the payment of the debt due from Jeanie Pinkerton to the plaintiff. Only the defendant Jeanie Pinkerton appeals. The evidence is reported.

We have examined all the evidence, as it is our duty to do. *Masterson* v. *American Employers' Ins. Co.* 288 Mass. 518, 521. Plainly it sustains the decree as to the debt from Jeanie Pinkerton to the plaintiff. In fact there seems to have been no controversy as to this. As to the remaining part of the decree providing for the sale of the equity of redemption and the application of the proceeds, if there was no fraud and if the foreclosure was valid in all respects, the only appealing defendant, Jeanie Pinkerton, has now lost all title by reason of the foreclosure sale and is not aggrieved. But aside from this, we are satisfied that the findings of fraud as to the defendants Pinkerton were justified by the evidence. It could have been found that they did more than merely fail to pay instalments due on the first mortgage and permit the bank to foreclose it, and that through their attorney and agents they took active steps to bring about the foreclosure, the purchase by the defendant Evelyn and the mortgage by her back to the bank, and to conceal what was going on from the plaintiff, all for the purpose of defeating the plaintiff's rights by destroying his mortgage and at the same time by taking the title to the property out of the name of Jeanie Pinkerton, who owed the plaintiff, and placing it in the name of Evelyn P. Pinkerton against whom the plaintiff had no claim. Unless relief is given to the plaintiff this plan will have been successful and the plaintiff will have lost his mortgage as a direct consequence. The decree was right on this ground. G. L. (Ter. Ed.) c. 214, § 3 (9). *Thompson* v. *Heywood*, 129 Mass. 401. See *Sartwell* v. *North*, 144 Mass. 188, 195; *Ayer* v. *Philadelphia & Boston Face Brick Co.* 157 Mass. 57; *Martin* v. *Hamlin*, 176 Mass. 180; *Home Owners' Loan Corp.* v. *Guaranty Title Trust Co.* 168 Tenn. 118, and cases collected in 51 Am. L. R. 445, 447.

The case of *Randall* v. *Hazelton*, 12 Allen, 412, is cited by

the appealing defendant.  In that case strangers to the title who were not the plaintiff's debtors purchased in the name of their agent an existing mortgage upon the plaintiff's property by means of false representations to the mortgagee and then foreclosed that mortgage in accordance with their legal rights as the holders of it.  The court held that there was no actionable fraud upon the plaintiff.  That is quite different from a case like this where the mortgagor herself with the aid of others arranged to dispose of her property so as to put it beyond the reach of her mortgagee.

*Decree affirmed with costs.*