In this suit to foreclose a mortgage, defendant Saturnino Pacifico claims to be entitled to a lien paramount to complainant's *Page 251 
mortgage by reason of his ownership of a tax sale certificate.
The facts involved are stipulated and the relevant ones are as follows:
The mortgagor, Martone, died in 1927 and defendant Pacifico was appointed his administrator.
In February, 1929, premises were sold for unpaid taxes and were bought by the defendant Pacifico, individually, who became and has been the owner of the certificate of tax sale.
In July, 1929, under an order of the Orphans Court permitting the sale, Pacifico, as administrator, executed a deed to one, Silver, who in January of 1930 conveyed the premises to Pacifico. The conveyance to Silver and the conveyance by him to Pacifico each contained an agreement whereby the grantee assumed and agreed to pay the balance due complainant as mortgagee.
The original bond given by Martone was secured not only by a mortgage, but by a pledge of certain shares in complainant building and loan association.
In the various conveyances of the real estate the interest of Martone in the shares was conveyed along with the equity in the real estate.
In 1936, by an agreement between the complainant and Pacifico, the interest in these shares then held by him was canceled and credited on the principal of the mortgage in reduction thereof, and Pacifico assumed and agreed to pay the complainant the balance of the principal indebtedness.
The original Martone mortgage which was assumed by Pacifico and which he expressly recognized and assumed by his agreement of 1936, provides that the mortgagor for himself, his heirs and assigns, would not apply for any reduction by reason of this mortgage from the taxable value of said lands and that the amount of tax paid by the mortgagee shall be added to the principal of the debt, and the mortgage contained a covenant of quiet enjoyment.
On this state of facts the law is well established that the tax certificate never became paramount to the mortgage.
In Tully v. Taylor, 84 N.J. Eq. 459, the principles involved are laid down as follows: *Page 252 
"This covenant, viz.: the covenant for quiet enjoyment, is one of the principal covenants for title, and even in a deed gives the grantee the benefit of a title subsequently acquired by the grantor. In the case of Van Rensselaer v. Kearney, 11 How.297; 13 L.Ed. 703, it is said that the principal deducible from the authorities is that:
"`Whatever may be the form or nature of the conveyance used to pass real property * * * if the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seised and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies.'
"* * * It is unnecessary to multiply citations in support of a rule which is so universally observed, and the existence of which is conceded by the court below.
"It follows from what has been said that, if the outstanding title which the complainant seeks to have voided had been set up against her by the mortgagor, he would have been held to be estopped to assert it against her. The present defendant, Mrs. Baingo, took the title to this land by devise from her husband, subject to the mortgage. She bought in the outstanding title of Gallagher with the proceeds of the mortgage. Under these circumstances, she is privy in estate with her deceased husband, and the estoppel binds her to the same extent that it would have bound him had he attempted to set up the adverse title."
These principles were followed in State Mutual Building andLoan Association v. Millville Improvement Co., 74 N.J. Eq. 721.
Here the court said:
"Upon becoming the purchaser of the lands upon these conditions, the defendant, the Millville Improvement Company, became obligated to extinguish its tax title as against the complainant's mortgage. It thereupon owed a duty to do so, for, as remarked by Vice-Chancellor Van Fleet in Foley v. Kirk,33 N.J. Eq. 170: `It is a universal principle that *Page 253 
a purchase, at a tax sale by one whose duty it was to pay the taxes, shall operate only as an extinguishment of the tax. One man can acquire no rights against another by a neglect of a duty which he owes to the other.
"* * * If by its contract of purchase the Millville Improvement Company agreed, as part of the consideration, to take title subject to incumbrances, among which were the Landis Township taxes, then it just as effectually became its duty to refrain from setting up an adverse tax title against the complainant's incumbrance as though it were obligated to pay the taxes in the first instance."
 A decree will be advised in accordance with this opinion. *Page 254