284 N.J. Super. 571 (1995)
665 A.2d 1153
OLD REPUBLIC INSURANCE COMPANY, PLAINTIFF,
v.
ALLEN CURRIE, DEFENDANT.
Superior Court of New Jersey, Chancery Division General Equity Part Union County.
Decided April 21, 1995.
*573 Edward A. Dreskin, for plaintiff (Edward A. Dreskin, P.C., attorney).
Ben W. Payton, for defendant.

OPINION
BOYLE, P.J.CH.
Question Presented:
This motion presents this court with the unique question as to whether a mortgagee's lien which is extinguished by a foreclosure sale may be subsequently revived upon the mortgagor's reacquisition of the foreclosed property. This court's research has disclosed no modern case law on the subject.

Facts:
Allen and Ruthie Currie were the owners of property at #16 West End Avenue, Plainfield, New Jersey. On or about July 16, 1974, the Curries executed a home repair contract and mortgage of even date which was subsequently assigned to plaintiff, Old Republic Insurance Company ("Old Republic"). The Curries thereafter filed a petition in bankruptcy. On December 4, 1978, the U.S. Bankruptcy Court entered an order declaring the lien of plaintiff to the Plainfield property fixed in the amount of $6,476.
After the bankruptcy, Allen and Ruthie Currie lost the Plainfield property through a foreclosure. However, on January 19, 1981, defendant, Allen Currie, reacquired the property. Ruthie Currie was not named on this later deed. No payments have been made toward the satisfaction of this debt since the date of the bankruptcy order.
Sometime during the month of April 1984, plaintiff ran a search of the property which disclosed that the Secretary of the Department of Housing and Urban Development conveyed the property to an Allen Currie. Plaintiff claims that it was unable to ascertain whether this Allen Currie was the same Allen Currie who had *574 been indebted to Old Republic because this time Ruth Currie was not on the deed. Plaintiff responded to this information by rerecording its mortgage. However, plaintiff made no further attempt to verify the identity of the new owner until May, 1993. At some point thereafter, plaintiff confirmed that Allen Currie had reacquired the property and commenced this action on August 10, 1994.
Plaintiff argues that, by operation of law, its mortgage is revived, and that it is entitled to simple interest on the $6,476, plus simple interest at the contract rate of 12.5% to the date of judgment, together with counsel fees and costs as allowed by the court rules.
Defendant's sole defense to this action is that the above bankruptcy proceeding extinguished defendant's indebtedness to plaintiff. However, there is no authority to support this proposition. Plaintiff asserts that defendant's answer has failed to interpose a validly recognized defense and therefore brings this motion to strike defendant's answer.

Ruling:
It is well recognized that, where the answer and any proffered defenses fail to challenge the essential elements of the mortgagee's right to foreclose, and fail to interpose a validly recognized defense, the mortgagee is entitled to a final judgement of foreclosure. See Somerset Trust Co. v. Sternberg, 238 N.J. Super. 279, 283, 569 A.2d 849 (Ch.Div. 1989).
Pursuant to R. 4:64-1(a)(2), an answer which does not contest the validity or priority of a mortgage is considered an uncontesting answer. Subsection (a)(3) further defines an uncontesting answer as one that pleads that "a party is without knowledge or information sufficient to form a belief as to the truth of the allegation" or one that leaves the plaintiff to his proofs. Moreover, R. 4:5-4 requires that all affirmative defenses be supported with specific facts. Consequently, a plaintiff may move to strike such an answer pursuant to R. 4:6-5 on the ground that it *575 presents "no question of fact or law which should be heard by a plenary trial." 30 New Jersey Practice § 312, at 233 (Cunningham and Tischler 1975).
Generally, the purchaser at a foreclosure sale acquires the entire interest of the mortgagor and mortgagee unaffected by the rights of junior mortgagees or encumbrancers who are parties to the foreclosurey. Atlantic City National Bank v. Wilson, 108 N.J. Eq. 213, 154 A. 537 (Ch. 1931). However, if the mortgagor is the purchaser or subsequently reacquires the property, there is authority that the junior mortgages revive as liens on the property. For example, it is clear that if the mortgagor and the first mortgagee contrive to extinguish the second mortgage, the court will restore the second mortgage. Stiger v. Mahone, 24 N.J. Eq. 426 (Ch. 1874). But even in the absence of fraud, the reacquisition is held to revive the second mortgage on three distinct theories.
First, under the payment theory, when the mortgagor purchases the property at the sale, the mortgagor is in effect paying the first mortgage and the second mortgage moves into first position. This is what would have occurred if the mortgagor had paid the first mortgage when it became due. If payment after foreclosure were to alter this result, the mortgagor would be profiting by its own wrong in failing to pay when due. Elkind v. Pinkerton, 294 Mass. 502, 2 N.E.2d 456 (1936).
Second, is the covenant to defend title theory. Under this approach, the second mortgage that is revived usually contains a warranty that the mortgagor agrees that he will defend the title against all lawful claims. Permitting the foreclosure of the first mortgage is a breach of the warranty to defend the title. Even if the second mortgagee takes subject to the first mortgage, it has been held that the warranty to defend is not affected by the reference to the first mortgage. Merchants National Bank v. Miller, 229 N.W. 357 (N.D. 1930); cf. Dorff v. Bornstein, 277 N.Y. 236, 14 N.E.2d 51 (1938).
*576 Third, the warranty of title theory is based upon the warranty of title contained in the second mortgage. The mortgagor has warranted that the mortgaged premises shall be security for the debt and that the mortgagor will produce the property if the debt is not paid. If, for some reason (such as the foreclosure of the first mortgage with the title vesting in a third party), the mortgagor is prevented from producing the security, the obligation remains and is merely postponed until the mortgagor can fulfill it. When the mortgagor reacquires the property, it then must provide the property as security for the debt. This after-acquired title doctrine is an ancient equitable remedy designed to effectuate the intention of the parties. It has long been settled that an after-acquired title inures to the benefit of the mortgagee. Decker v. Caskey, 3 N.J. Eq. 446 (Ch. 1836); Tully v. Taylor, 84 N.J. Eq. 459, 94 A. 572 (Ch. 1915). It is also treated as an obligation founded on the warranty. Robinson-Shore Development Co. v. Gallagher, 26 N.J. 59, 138 A.2d 726 (1958). Even if the mortgagor's personal liability for the debt which is secured by the mortgage has been extinguished by bankruptcy, the warranty obligation is not nullified and he must produce the property. Baird v. Chamberlain, 60 N.D. 784, 236 N.W. 724 (1931).
Based upon the foregoing, this court is satisfied that (1) plaintiff is entitled to have its mortgage revived and (2) that defendant's answer does not contest the validity or priority of plaintiff's mortgage. Accordingly, this court will grant plaintiff's motion to strike defendant's answer.
This court, on its own motion, has decided to address the issue as to the proper amount to which plaintiff is entitled. While plaintiff contends that it is entitled to simple interest at the contract rate of 12.5% to the date of judgment, this court cannot agree. Plaintiff was on notice in April, 1984 that Allen Currie had reacquired the subject property. At that point, plaintiff should have asserted its rights. Had plaintiff done so, defendant would have had the opportunity to satisfy his debt without paying an additional eleven years of accrued interest, totaling $8,904.50. *577 Therefore, plaintiff's inaction prejudiced defendant by $8,904.50, as plaintiff concededly did not notify defendant that it had rerecorded its mortgage. There is no evidence to suggest that defendant had occasion to become aware of the lien.
In light of the above, this court holds that it would be unconscionable to permit plaintiff to benefit from its own dereliction to the tune of 12.5% interest over a period of eleven years. Consequently, plaintiff's claim is barred in part by laches. Laches is a "delay for a length of time, which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." West Jersey Title and Guaranty Co. v. Industrial Trust Co., 27 N.J. 144, 153, 141 A.2d 782 (1958) (citing Hinners v. Banville, 114 N.J. Eq. 348, 168 A. 618 (E. & A. 1933)).
Plaintiff's entire claim is not barred by laches. Instead, its claim is barred to the extent defendant has been prejudiced. Defendant was prejudiced in this matter to the extent that plaintiff did not assiduously pursue its rights after the April 1984 title search. Accordingly, this court awards plaintiff interest on its claim from the date of the bankruptcy judgment (December 4, 1978), to January 1, 1985, which this court deems to be a reasonable time within which plaintiff could have asserted its right. Therefore, plaintiff's judgment is in the reduced amount of $11,395, plus attorney's fees and costs as provided in the Rules.