723 A.2d 634

EUGENE E. MOONEY AND SHARYN A. MOONEY, PLAINTIFFS–RESPONDENTS, v. THE PROVIDENT SAVINGS BANK, DEFENDANT, AND WILLIAM DIOGUARDI AND ESTHER DIOGUARDI, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1999—Decided February 11, 1999.

Before Judges WALLACE and NEWMAN.

*W. Peter Ragan,* argued the cause for appellants (*Ragan & Ragan,* attorneys; *Mr. Ragan* and *Laura Rienzi Diver,* on the brief)

*Kathleen R. Wall,* argued the cause for respondents.

PER CURIAM.

Defendants, William and Esther Dioguardi, appeal from that portion of the order discharging their mortgage on the property known as 510 West End Avenue, Avon, New Jersey and denying their motion to dismiss plaintiffs' complaint.

We affirm substantially for the reasons expressed in Judge McGann's well-reasoned opinion, *Mooney v. The Provident Savings Bank,* 308 *N.J.Super.* 195, 705 *A.*2d 816 (Ch.Div.1997). We agree that the equitable considerations found to exist by Judge McGann allowed him to depart from the warranty of title theory adhered to in *Old Republic Insurance Co. v. Currie,* 284 *N.J.Super.* 571, 665 *A.*2d 1153 (Ch. Div.1995). As noted, defendants here were given notice of the Sheriff's sale, which they chose not to attend. There was no competitive bidding at the Sheriff's sale at which plaintiffs successfully bid on the property. Plaintiffs received a Sheriff's deed. Plaintiffs did not engage in any fraudulent conduct in acquiring 510 West End Avenue, a residence which they previously owned, nor had they entered into, by the terms of the original mortgage given to defendants, any contractual undertaking to pay off any of the junior encumbrancers. We agree on these facts, there is no equitable basis for reviving defendants' lien on the property, which was extinguished in plaintiffs' bankruptcy discharge and the property was subsequently acquired by plaintiffs at the Sheriff's sale.

The order discharging the mortgage is affirmed.