**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1674-17T1

MTGLQ INVESTORS, LP,[1]

    Plaintiff-Respondent,

v.

EULALIA GILLIS and JOSEPH
GILLIS,

    Defendants-Appellants,

and

STATE OF NEW JERSEY,

    Defendant.

_____

          Submitted February 5, 2019 – Decided March 28, 2019

          Before Judges Hoffman and Geiger.

---

[1]  During the pendency of this foreclosure action, MTGLQ Investor, LP, was substituted for the original plaintiff, Wells Fargo Bank, NA as Trustee for Wamu Mortgage Pass through Certificates Series 2005-PR2 Trust, by order dated June 29, 2017.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-028956-10.

Eulalia Gillis and Joseph Gillis, appellants pro se.

Leopold & Associates, PLLC, attorneys for respondent (Matthew M. Siti and Michael J. Hoefs, on the brief).

PER CURIAM

In this mortgage foreclosure action, defendants appeal from the final judgment entered against them on October 25, 2017. On appeal, defendants challenge a June 1, 2017 order denying their motion to dismiss, alleging improper venue and lack of standing. We affirm.

I.

In June 2005, defendant Joseph Gillis executed a note in the amount of $81,250 in favor of Washington Mutual Bank, F.A. (Washington Mutual). To secure the payment of the Note, defendant executed a mortgage to Washington Mutual on a condominium in North Plainfield, Somerset County as collateral. Defendant failed to make the required payment due on December 1, 2009.

After a series of bank mergers and assignments of the note and mortgage, plaintiff came into possession of the debt on May 14, 2010. Plaintiff filed its complaint on May 24, 2010. The complaint, however, made two mistaken references to Union County: that the mortgage was recorded in Union County

and that the property was located in Union County.  Nonetheless, the complaint correctly stated the address of the mortgaged property, and provided the correct book and page number for the mortgage recording.

Plaintiff's complaint was dismissed for lack of prosecution in October 2013.  In February 2015, plaintiff moved to reinstate the complaint, amend the pleadings, and correct the venue, which the trial court granted.  The matter proceeded unopposed.  Defendants did not make any appearance in the matter until March 2017.  At that time, defendants moved to dismiss the complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim. The court denied the motion in June 2017 and entered final judgment in October 2017.  This appeal followed.

## II.

We have considered defendants' contentions in light of the record and applicable legal principles and conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add the following brief comments.

While defendants correctly point out the mistakes in the original complaint, they ignore the court's subsequent order amending plaintiff's pleadings and changing venue.  The court's order from March 2015 – two years

before defendants made an appearance – explicitly states that "all pleadings filed in this foreclosure action by plaintiff are hereby amended to correctly set venue in Somerset County and not Union County; and . . . all references to the Property in the Complaint and all other pleadings are hereby corrected to read Somerset County." Therefore, we find the mistakes in the original complaint no longer relevant.

Proof of execution, recording, and non-payment of a mortgage establish a prima facie case for foreclosure. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Defendants do not dispute the mortgage execution, recordation, or default in this case. "It is well recognized that, where the answer and any proffered defenses fail to challenge the essential elements of the mortgagee's right to foreclose, and fail to interpose a validly recognized defense, the mortgagee is entitled to a final judgment of foreclosure." Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574-75 (Ch. Div. 1995).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1674-17T1