**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2734-18T1

DITECH FINANCIAL, LLC,

     Plaintiff-Respondent,

v.

STEPHEN G. HAMBY,

     Defendant-Appellant,

and

MRS. HAMBY, wife of STEPHEN
G. HAMBY,

     Defendant.

_____

Submitted November 12, 2019 – Decided February 28, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-013738-16.

Stephen G. Hamby, appellant pro se.

Pluese Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

In this foreclosure matter, defendant Stephen Hamby appeals from the January 18, 2019 final judgment of foreclosure that was entered after Judge Patricia Del Bueno Cleary earlier granted summary judgment to plaintiff Ditech Financial, LLC on November 16, 2016, striking defendant's answer and defenses. On appeal, defendant contends the judge prematurely granted summary judgment, and the mortgage only encumbered one lot of the two that comprised the mortgaged premises.

The material facts are generally undisputed and are summarized as follows. On June 29, 2007, defendant borrowed $196,200 from First International Financial Corporation (FIFC) and executed a note in its favor to purchase real property located in Highlands. The note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for FIFC that was recorded on July 16, 2007. In 2015, the note and mortgage were assigned to Green Tree Servicing LLC, which is now known as plaintiff. The assignment of the mortgage was recorded on January 12, 2015.

The property encumbered by the mortgage was designated on the local tax map as Block 76, Lots 4 and 5. The face of the mortgage document only indicated that Lot 4 was encumbered, but the property description incorporated

2

into the document and attached to the mortgage as a schedule referred to both lots, as did other closing documents, including a "New Jersey Tax & Assessment Search," a "Uniform Residential Loan Application" signed by defendant, a "Uniform Residential Appraisal Report," and a "HUD-1 Uniform Settlement Statement."

Due to Superstorm Sandy, the property was damaged and vacated. Defendant ceased making payments on the note in November 2014, and on December 23, 2014, plaintiff mailed defendant a notice of intent to foreclose.

On May 16, 2016, plaintiff filed a complaint in foreclosure against defendant, and defendant filed a contesting answer on June 30, 2016. On August 1, 2016, the judge entered a case management order, requiring written discovery to be completed by November 30, 2016. Plaintiff served discovery to which defendant responded. Defendant never served any discovery demands on plaintiff and he never subpoenaed anyone to be deposed.

Plaintiff moved for summary judgment, and defendant opposed the motion, arguing that plaintiff did not have standing as the encumbered property only included one of the two lots. He further argued that the certification provided by plaintiff's representative contradicted the mortgage document, and

3

that plaintiff provided no documentation, other than the certification, to support its right to foreclose on Lots 4 and 5.

Judge Bueno-Cleary granted plaintiff's motion, placing her findings on the record on November 16, 2016. The judge found plaintiff had standing as it had possession of the note prior to when the complaint was filed, and plaintiff established a prima facie right to foreclosure. Additionally, after reviewing the numerous closing documents that described the mortgaged property, the judge held that the encumbered property included both Lots 4 and 5 in Block 76. The judge entered an order granting plaintiff's motion, striking defendant's answer, entering a default against defendant, and forwarding the matter to the Office of Foreclosure for final judgment. On May 26, 2017, an order was entered fixing the amount due under the note. The final judgment was entered on January 18, 2019. This appeal followed.

On appeal, defendant contends that the judge prematurely granted summary judgment as he did not have the opportunity to depose his attorney, who represented him at the closing. He also argues that the final judgment of foreclosure should be reversed as the mortgage only encumbered Lot 4, as indicated on the face of the mortgage.

We review a grant of summary judgment using the same standard that governs the motion judge's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). Under that standard, summary judgment will be granted when "'the competent evidential materials submitted by the parties,' [viewed] in the light most favorable to the [non-moving party, show that] 'there are [no] genuine issues of material fact'" and that "the moving party is entitled to summary judgment as a matter of law." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)); accord R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande, 230 N.J. at 24 (quoting Bhagat, 217 N.J. at 38). We owe no special deference to the motion court's legal analysis. RSI Bank, 234 N.J. at 472; Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014).

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt" in order to have "standing to proceed with the foreclosure action." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J.

Super. 592, 597 (App. Div. 2011)). However, "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Further, when "the execution, recording, and non-payment of [a] mortgage [are established], a prima facie right to foreclosure [is] made out." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). If the defendant's answer fails to challenge these essential elements, the mortgagee is entitled to strike it as a non-contesting answer. See Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995); see also Somerset Tr. Co. v. Sternberg, 238 N.J. Super. 279, 283 (Ch. Div. 1989).

Turning to defendant's contentions on appeal, after considering our de novo review of the record and applicable legal principles, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Suffice it to say that the judge's conclusion that the encumbered property included both lots was supported by substantial evidence in the record. Moreover, defendant never raised before the trial court his contention that summary judgment was prematurely granted, which he now argues on appeal. For that reason, we will not consider his argument on appeal. See Nieder v.

<u>Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973).  Even if we did, defendant, who claims he wanted to depose his attorney, never served any subpoenas or discovery demands towards that goal, nor did he establish on appeal what information his attorney would have provided and how it would create a genuine issue as to any material fact.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2734-18T1