**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6020-17T2

SUN WEST MORTGAGE
COMPANY, INC.,

     Plaintiff-Respondent,

v.

ANNE WORMLEY, her heirs, devisees
and personal representatives and his/her,
their or any of their successors in right,
title and interest, UNITED STATES OF
AMERICA, STATE OF NEW JERSEY,
OFFICE OF THE PUBLIC GUARDIAN
FOR ELDERLY ADULTS OF THE
STATE OF NEW JERSEY, CARL M.
WORMLEY, and WILLIAM GREGORY
WORMLEY,

     Defendants,

and

HARRY S. COSHBURN, JR., as
Administrator for the ESTATE
OF WILLIAM WORMLEY, a/k/a
WILLIAM WORMLEY, JR.,

     Defendant-Appellant.

_____

Submitted September 23, 2019 – Decided July 30, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-019297-15.

Eldridge T. Hawkins, attorney for appellant.

Mc Cabe Weisberg & Conway, LLC, attorneys for respondent (Carol Rogers Cobb, of counsel and on the brief).

PER CURIAM

In this mortgage foreclosure action, defendant Estate of William Wormley, by its administrator Harry S. Coshburn, Jr., appeals from orders striking its answer, affirmative defenses, and counterclaims; finding plaintiff Sun West Mortgage Company, Inc. has an equitable mortgage on defendant's interest in the mortgaged property; denying a reconsideration motion; entering final judgment in plaintiff's favor; and granting a writ of execution. Having considered the record and defendant's arguments in light of the applicable law, we affirm.

A-6020-17T2

I.

In June 1987, Katherine W. Wormley (Katherine) and her daughter Anne Wormley (Anne) purchased residential property in Tinton Falls.[1] The $119,500 purchase price was in part paid with proceeds from a $35,000 loan Katherine and Anne obtained from ICA Mortgage Corporation (ICA). The loan was secured by a mortgage on the property.

In December 1988, Katherine and Anne conveyed the property for one dollar to themselves and William Wormley (William), who is Katherine's son and Anne's brother. The conveyance granted each a one-third interest in the property as tenants-in-common.

In 1993, Katherine and Anne conveyed their interest in the property for one dollar to Anne and William. The deed purported to also convey a life interest in the property to Katherine and Anne, but William never executed the deed. The deed also reflects the ICA original purchase money mortgage remained unsatisfied.

---

[1] We refer to the Wormley family members by their first names for clarity and to avoid confusion. We intend no disrespect in doing so.

 A-6020-17T2

William passed away in 1997, and was survived by two sons, Carl M. Wormley (Carl) and William G. Wormley (William G.). William's estate, however, was not probated until August 2015, eighteen years after his death.

At some point following William's death, Anne suffered a stroke and was confined to a wheelchair. She continued residing at the property following William's demise.

In December 2006, Anne borrowed $100,000 from DCI Mortgage Brokers, LLC (DCI). The loan was secured by a mortgage on the property. Following that transaction, a satisfaction of the ICA mortgage was recorded.

Nine months later, in August 2007, Anne borrowed $135,500. The loan was secured by a mortgage on the property Anne gave to IndyMac Bank, F.S.B. (IndyBank). During the same month, the DCI mortgage was discharged.

In September 2008, Anne gave a reverse mortgage on the property to 1st Mariner Bank NGFS (1st Mariner) to secure a loan in the amount of $466,500. A portion of the proceeds of the loan were used to satisfy the IndyBank mortgage.

In 2014, the New Jersey Office of the Public Guardian (OPG) was appointed guardian of Anne's person and property, and, in January 2015, Anne

A-6020-17T2

was removed from the home. Also in January 2015, 1st Mariner assigned the $466,500 mortgage to plaintiff. Three months later, Anne passed away.

In June 2015, plaintiff filed a foreclosure complaint, claiming Anne was in default because the property ceased being her principal residence in January. The complaint was later amended to allege a default under the mortgage based on Anne's death.

Defendant, and Carl and William G. jointly, filed answers to the complaint, affirmative defenses, and counterclaims. Plaintiff filed answers to the counterclaims. Plaintiff subsequently moved for summary judgment and to strike the answers and affirmative defenses. Defendant moved for summary judgment, and Carl and William G. separately moved for summary judgment.

Following oral argument on the motions, the court found the 2008 reverse mortgage and loan documents were valid and the mortgage loan was in default. The court also found plaintiff complied with the requirements of the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73, and had established its right to foreclose, and that defendants' affirmative defenses and counterclaims were legally and factually meritless.

The court recognized defendant, Carl, and William G. did not execute the mortgage but nonetheless found plaintiff had an equitable mortgage on

defendant's, Carl's, and William G.'s interest in the property. Citing <u>VRG Corp. v. GKN Realty Corp.</u>, 135 N.J. 539 (1994), the court determined an equitable mortgage was required based on the circumstances presented and to prevent defendant's, Carl's, and William G.'s unjust enrichment. The court entered a December 1, 2018 order striking the answers, affirmative defenses, and counterclaims filed in response to plaintiff's complaint; finding an equitable mortgage on the property as if defendant had executed the 2008 mortgage; and remanding the matter to the Office of Foreclosure to proceed as an uncontested case.

Counsel for Carl and William G. moved for reconsideration. Defendant's counsel filed a certification requesting reconsideration, but defendant did not file a reconsideration motion. The court denied the motion, finding reconsideration was inappropriate because Carl and William G. relied on the same arguments the court rejected in the first instance. The court entered a January 19, 2018 order denying the reconsideration motion.

Five months later, the court granted plaintiff's motion for final judgment. Defendant objected to the judgment, but on August 15, 2018, the court rejected the objection. On August 17, 2018, an uncontested order for final judgment and

A-6020-17T2

writ of execution was entered by the Office of Foreclosure.[2]  This appeal by defendant followed.[3]

Defendant presents the following arguments for our consideration:

POINT I

ENTRY OF THE JUDGMENT OF FORECLOSURE WAS IMPROPER [] AND SHOULD BE VACATED[.]

POINT II

EQUITABLE RELIEF ET AL CLAIMS OF [PLAINTIFF] HAVE NO BASES[.]

POINT III

PLAINTIFF'S SUMMARY JUDGMENT SUBMISSION IS [INSUFFICIENT] TO RECEIVE RELIEF[.]

POINT IV

DEFENDANT'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS ARE SUFFICIENT[.]

A. Plaintiff Failed to Prove Compliance with the Fair Foreclosure Act.

---

[2]  The property was sold for $217,967.89 in October 2018, at sheriff's sale to a third-party purchaser.  On January 22, 2019, plaintiff received proceeds from the sale in the amount of $208,467.05.

[3]  Carl and William G. did not appeal or participate in this appeal.

B. Neither the Complaint upon which the foreclosure is being made herein nor the actual Amended Complaint upon which the pleadings attempt to obtain foreclosure can overcome unsigned, unacknowledged, uncertified, (non-existent) true copies, fraudulent documents and inability to do business and thusly inability to sue in this State as is the case of Plaintiff herein.

C. Defendants Unclean Hand Defense is Proven[.]

D. In The Circumstances Before This Court Laches Does Not Bar Plaintiff's Cause of Actions.

E. Consumer Fraud and Common Law Fraud Has Been Proven By Plaintiff's submission herein.

<u>POINT V</u>

2A:50-58 "APPLICATION FOR ENTRY OF FINAL JUDGMENT; ENTRY OF ORDER FOR REDEMPTION" ONLY APPLIES TO LENDERS AND DEBTORS AND NOT AN OWNER OF THE OTHER COMMON LAW SHARE WHO DID NOT CONSENT TO THE MORTGAGE TO BE A LIEN ON HIS PROPERTY AND SAID ACT WAS NOT GIVEN COMPLIANCE BY PLAINTIFF IN ORDER TO BE ABLE TO OBTAIN SUMMARY JUDGMENT[.]

II.

We review an order granting summary judgment de novo and apply the same standard governing the trial court, which requires summary judgment be denied if "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational

8

factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also Townsend v. Pierre, 221 N.J. 36, 59 (2015); R. 4:46-2(c). "[S]ummary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting R. 4:46-2(c)).

In Point I of its brief, defendant argues plaintiff did not have a right to foreclose on defendant's interest in the property because Anne executed the 2008 mortgage without defendant's consent, and she had no authority to encumber defendant's property interest. The argument ignores the court recognized defendant did not execute the mortgage and the court found an enforceable equitable mortgage existed in plaintiff's favor on defendant's interest in the property. Thus, it was the equitable mortgage found by the court, and not the reverse mortgage Anne executed in 2008, upon which the court ordered the foreclosure of defendant's interest in the property.

On appeal, defendant offers no argument challenging the court's determination plaintiff had an equitable mortgage on defendant's interest in the property. The heading to Point II of defendant's merits brief generally asserts

plaintiff's equitable claims have no "bases," but the substantive argument in support of the claim consists of only the following:

> Plaintiff has made various other arguments, all of which are predicated upon [p]laintiff having standing to sue or having a valid assignment of a valid mortgage. Since the proofs demonstrate [p]laintiff in these foreclosure proceedings.
>
> Because it was not until Nov[.] 7, 2017 that [p]laintiff's counsel sent its most revealing correspondence attempting to explain the mixed up, mortgage documents that it was discovered that the assignment was not on the mortgage being foreclosed.

The argument, to the extent one may be discerned, is directed solely to plaintiff's standing to foreclose the 2008 mortgage and defendant's claim the assignment of the mortgage to plaintiff was not the 2008 mortgage for which plaintiff sought foreclosure. Defendant does not argue or otherwise contend the court erred by finding plaintiff had an equitable mortgage on defendant's interest in the property. "An issue that is not briefed is deemed waived upon appeal." N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015); see also Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (same); Liebling v. Garden State Indem., 337 N.J. Super. 447, 465-66 (App. Div. 2001) (same). We therefore do not consider or address the court's determination that,

10

based on the circumstances and equities, the undisputed facts established plaintiff had an equitable mortgage on defendant's interest in the property as a matter of law.

Defendant's remaining arguments challenge plaintiff's authority and standing to foreclose on the 2008 mortgage and the court's striking of defendant's affirmative defenses. We address the arguments in turn.

"[T]he only issues in a foreclosure action are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (quoting Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998) (alteration in original)); see also Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) ("Since the execution, recording, and non-payment of the mortgage were conceded, a prima facie right to foreclosure was made out."). If a defendant's answer fails to challenge the essential elements of the foreclosure action, a plaintiff is entitled to strike the defendant's answer. Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995).

A party initiating a foreclosure proceeding "must own or control the underlying debt" obligation at the time an action is initiated to demonstrate

11

standing to foreclose a mortgage. <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting <u>Wells Fargo Bank, N.A. v. Ford</u>, 418 N.J. Super. 592, 597 (App. Div. 2011)). Absent a showing of ownership or control, a "plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." <u>Ibid.</u> (quoting <u>Ford</u>, 418 N.J. Super. at 597). "[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012).

Defendant argues plaintiff lacked standing to foreclose because there was no signature on the mortgage annexed to plaintiff's complaint, and plaintiff "did not own a valid [n]ote or [m]ortgage." The argument is undermined by the record. As detailed before the motion court, the mortgage annexed to the foreclosure complaint did not include Anne's signature due to a copying error. A certified copy of the mortgage, which included Anne's notarized signature, was produced in court during oral argument on the summary judgment motions and provided for defendant's inspection. The competent evidence presented to the motion court established the mortgage had been assigned to plaintiff prior to the filing of the foreclosure complaint. In addition, plaintiff possessed the

original note at the time the foreclosure complaint was filed. Contrary to defendant's assertion, plaintiff had standing to foreclose. See ibid.

Defendant also claims plaintiff lacked standing to foreclose because 1st Mariner was not licensed to transact business in New Jersey, and, as a result, the assignment of the mortgage to plaintiff was invalid. In support of the argument, defendant relies on a certification from a paralegal at defendant's counsel's office attaching a "print out" from a "New Jersey Business Search" for a "Business Name Search" which indicates "No Results Found" for 1st Mariner.

We are not persuaded by defendant's reliance on the certification or attachment because neither constitutes competent evidence 1st Mariner was not licensed to do business in New Jersey in 2015, when it assigned the mortgage to plaintiff. The search is undated. Moreover, on its face, the search is for a "Business Name," not for the purpose of determining if 1st Mariner was licensed to do business in New Jersey, and the search results do not purport to represent whether 1st Mariner was licensed to do business in the State. Most importantly, the results of the search constitute inadmissible hearsay, see N.J.R.E. 801(c) and N.J.R.E. 802, and the court could not properly consider the search in deciding the summary judgment motions, see Brill, 142 N.J. at 523 (holding that determining whether a genuine issue of fact precludes an award of summary

13

judgment requires consideration of "competent evidential materials"); see also El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 164 (App. Div. 2005) (holding only admissible evidence may form the factual basis for summary judgment).

We are satisfied the undisputed facts establish plaintiff had standing to foreclose the 2008 mortgage. Plaintiff also presented evidence establishing the remaining elements of the mortgage foreclosure claim – plaintiff's right to resort to the mortgaged property and the amount of the indebtedness. See Curcio, 444 N.J. Super. at 112-13. Defendant does not challenge the amount plaintiff claims was due under the mortgage. In addition, the mortgage provides that a default occurs when either the mortgagor no longer uses the property as a principal place of residence or the mortgagor dies, and the property is not the principal place of residence of at least one surviving borrower. Defaults under those provisions occurred in January 2015 when Anne was moved out of the property by the OPG and in April when she passed away. We are satisfied plaintiff established the elements of its foreclosure claim, and the court therefore properly struck defendant's answer. See Currie, 284 N.J. Super. at 574.

Defendant next argues the court erred by finding plaintiff complied with the FFA because plaintiff did not properly serve Anne with the notice of intent

to foreclose. Again, defendant opts to ignore the record. Plaintiff provided a detailed certification describing service of the notice of intent to serve Anne, who was then deceased, by serving the notice at the property, posting notice in a local newspaper, and serving the OPG as her guardian. Defendant makes no showing plaintiff failed to satisfy the FFA's requirements.

The court also properly rejected defendant's unclean hands defense to the foreclosure. "The essence of the doctrine of unclean hands, 'which is discretionary on the part of the court, is that a suitor in equity must come into court with clean hands and he must keep them clean after his entry and throughout the proceedings.'" Curcio, 444 N.J. Super. at 113 (quoting Marino v. Marino, 200 N.J. 315, 345 (2009)). Defendant asserts plaintiff has unclean hands because it presented fraudulent, unsigned mortgage documents in support of its foreclosure complaint. As noted, plaintiff did not present an unsigned mortgage in support of its summary judgment motion; it presented a mortgage that, due to a copying error, did not include a signature at the bottom of a page. A certified copy of the mortgage, with Anne's notarized signature on display, was presented to the court and defendant. Defendant's continuing failure to acknowledge the evidence presented does not support a finding plaintiff had unclean hands.

15

Defendant also asserts the doctrine of laches requires dismissal of plaintiff's complaint. "Laches[,] in a general sense[,] is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." Lavin v. Bd. of Educ., 90 N.J. 145, 151 (1982) (quoting Atlantic City v. Civil Serv. Comm'n, 3 N.J. Super. 57, 60 (App. Div. 1949)). It "involves more than mere delay, mere lapse of time. There must be delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." Northwest Covenant Med. Ctr. v. Fishman, 167 N.J. 123, 140 (2001). "Factors considered in determining whether to apply laches include '[t]he length of delay, reasons for delay, and changing conditions of either or both parties during the delay.'" Id. at 141 (alteration in original) (quoting Lavin, 90 N.J. at 152).

Plaintiff did not delay in asserting its right to foreclose. Plaintiff filed its complaint within months of the January 2015 default, and the doctrine of laches generally does not apply where a statute of limitations controls. Fox v. Millman, 210 N.J. 401, 423 (2012). Here, the statute of limitations for the asserted residential foreclosure claim is six years from the date of default. N.J.S.A.

2A:50-56.1(c).  Plaintiff's complaint, filed six months after the initial event of default, was well within the limitations period.

Defendant makes additional arguments, claiming the summary judgment record does not support the order striking defendant's answer, affirmative defenses, and counterclaim, and granting plaintiff summary judgment on the foreclosure claim.  Defendant also asserts its Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, claim and common law fraud cause of action were dismissed in error because the "assignment" of the mortgage was not "made for value" and the loan numbers reflected on the documents are inconsistent.  Those arguments, as well as any others we have not expressly addressed, are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-6020-17T2